Leland K. Faux, Esq.
Idaho Bar No. 10246
LELAND FAUX, ESQ. PLLC
381 Shoup Ave, Ste 214
Idaho Falls, Idaho 83402
T: (208) 922-7722
Leland@LelandFaux.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LOAINE LEATHAM,<br>            Plaintiff,<br>   vs.<br><br>EOS USA, INC. dba EOS CCA; a foreign corporation; DISH ONE SATELLITE, LLC dba CALIBER SMART, a foreign limited liability company; T-MOBILE USA, INC., a foreign entity; DOE DEFENDANTS I-X, inclusive,<br><br>            Defendants. | Case No. 4:21-cv-117<br><br>**COMPLAINT** |

Plaintiff Loaine Leatham, by and through the undersigned counsel, complains and alleges as follows:

## **PARTIES**

1.   Plaintiff is a resident of Bingham County, Idaho and is an elderly individual.

2.   Defendant EOS USA, Inc. dba EOC CCA ("EOC") is a debt collector with its principal place of business in Massachusetts.

3.   Defendant Dish One Satellite, LLC dba Caliber Smart ("Caliber Smart") is a foreign limited liability company.

COMPLAINT - 1

4. Defendant T-Mobile USA, Inc. ("T-Mobile") is a foreign corporation.

5. The true names and capacities of Doe Defendants I through X, inclusive, ("Doe Defendants") are unknown to Ms. Leatham who therefore sues said Doe Defendants by such fictitious names. Ms. Leatham is informed and believes and thereon alleges that each of the Doe Defendants may be legally responsible in some manner for the events and happenings referenced in this Complaint. Ms. Leatham will seek leave of the Court to amend this Complaint to insert the true names and capacities of such Doe Defendants upon ascertaining the identity of such Doe Defendants.

## JURISDICTION AND VENUE

6. This case arises under the FDCPA, 15 U.S.C. § 1692 *et seq*.

7. Jurisdiction of this matter is granted to this court by U.S.C. §§ 1331 (federal question jurisdiction) and this court has supplemental jurisdiction over the related Idaho state law matters under 28 U.S.C. § 1367.

8. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in Bonneville County, Idaho, which is within the federal district.

## GENERAL ALLEGATIONS

9. Caliber Smart is in the business of selling T-Mobile products or services door-to-door.

10. On or around December 14, 2020, a representative for Caliber Smart and/ or T-Mobile came to Ms. Leatham's door for the purpose of soliciting the sale of T-Mobile products or services.

11. This representative engaged in predatory, high-pressure sales tactics designed to elicit a sale. This included refusing to accept no for an answer, keeping the person at the door, and generally wearing down the stamina of the potential buyer until a sale is made.

12. Due to her age and disposition, Ms. Leatham is particularly vulnerable to these types of sales pressure tactics.

13. The representative asked Ms. Leatham numerous questions about her communication services and providers and promised that the products he was selling would save her money.

14. Ms. Leatham indicated that she was very confused about what he was trying to sell her and that she did not need any other communication products or services.

15. The representative was insistent that she needed to purchase products from T-Mobile and would not leave the doorway.

16. Ms. Leatham gave in to these coercive sales tactics, although she had no real understanding of what she was buying.

17. The salesman did not leave Ms. Leatham with copies of any contracts or information about what she had agreed to purchase. All she had was a notebook paper with contact information.

18. The salesman also did not inform Ms. Leatham of any cancellation rights.

19. After the salesman left, Ms. Leatham immediately contacted her son, Ron Leatham, who holds a power of attorney over Ms. Leatham's financial and other affairs.

20. Ron contacted Caliber Smart the same day and informed Caliber Smart that the contract needed to be rescinded and cancelled and the Ms. Leatham did not understand what the contract was.

21. Caliber Smart indicated that they would cancel the contract but that Ms. Leatham would have to fill out a cancellation form and that this form would be mailed to her.

22. The form was placed in the mail to Ms. Leatham on December 15, 2020.

23. Meanwhile, on or around December 16, 2020, Ms. Leatham received a package from T-Mobile, which she never opened.

24. Instead, Ron took the package to Caliber Smart's offices in Rexburg, Idaho and dropped it off there. He again requested cancellation of the contract.

25. Ms. Leatham received the cancellation form in the mail on December 23, 2020.

26. The form stated cancellation would only be effective if received by an entity called "Dish One Satellite LLC" no later than midnight on December 16, 2020.

27. Thus, at the time Ms. Leatham received this notice, it was impossible for her to comply with its terms. Nevertheless, Ron assisted her in mailing the completed form.

28. On December 29, 2020, Ms. Leatham received a bill from T-Mobile for the services purchased from Caliber Smart.

29. Ron then contacted T-Mobile as POA for his mother to advise of the cancellation of the contract. He was stuck pleading his case with customer service for 74 minutes without the issue being resolved.

30. He called again and was juggled from place-to-place speaking with customer service representatives for over 109 minutes.

31. Still, no solution was reached. Instead, T-Mobile promised that he would receive a call from a supervisor.

COMPLAINT - 4

32. No call came.

33. Ron continued to contact T-Mobile but could not ever be connected with a person with the ability to assist.

34. T-Mobile then sent Ms. Leatham's account to a debt collection agency, EOS, who began hounding Ms. Leatham for payment of the disputed bill.

35. Despite multiple requests and great effort by Ron on behalf of Ms. Leatham, the Defendants have refused to cancel the alleged contract.

36. In demanding payment from Ms. Leatham, EOS misrepresented the amount allegedly owed to T-Mobile.

### FIRST CAUSE OF ACTION
### Violation of the FDPCA (15 USC § 1692 et seq.)
### (Against EOS)

37. Ms. Leatham repeats and realleges the foregoing paragraphs as though set forth fully herein.

38. EOS regularly collects or attempts to collect debts owed, due, or asserted by another and is a debt collector within the meaning of the FDCPA.

39. Ms. Leatham is a consumer within the meaning of the FDCPA.

40. In a letter dated January 17, 2021, T-Mobile sent Ms. Leatham a statement that she owed a total charge of $23.83 for the period of December 23, 2020 - Jan 22, 2021.

41. However, in a letter bearing a statement date of January 26, 2021, EOS demanded payment of $55.00, more than double the amount claimed by T-Mobile.

42. EOS violated the FDCPA in at least the following ways:

    a. Falsely representing the character, amount, or legal status of the alleged debt by misstating the amount owed. 1692e(2), (10).

COMPLAINT - 5

  b. Seeking amounts which could not be lawfully received by EOS in collection (ie: overcharging). 1692e(2)(B).

43. Ms. Leatham has incurred actual damages as a result of EOS's conduct, including the cost associated with disputing the charges with the original creditor and Caliber Smart.

44. Ms. Leatham has also been damaged in the form of emotional distress caused by this incident and which has manifested itself physically through loss of sleep and appetite, anxiety, worry, stress, and the like.

45. Ms. Leatham is entitled to recover statutory damages of up to $1,000.

46. Ms. Leatham is entitled to recover her attorney's fees incurred pursuant to the FDCPA.

**SECOND CAUSE OF ACTION**
**Idaho Consumer Protection Act, Idaho Code Title 48 Chapter 6**
**(Against All Defendants)**

47. Ms. Leatham repeats and realleges the foregoing paragraphs as though set forth fully herein.

48. Caliber Smart, T-Mobile, and EOS are each a "Person" in "Trade" as defined by Idaho Code 48-602.

49. Caliber Smart engaged in unfair and deceptive acts in violation of Idaho law as follows:

  a. Violating the Idaho Consumer Rules on door-to-door sales by failing to inform Ms. Leatham of the right to cancel, failing to provide disclosures at the time of sale, and misrepresenting the right to cancel (Idaho Admin. Code r. 04.02.01.170);

COMPLAINT - 6

    b. Further violating the door-to-door rules by, on information and belief, transferring the alleged contract to T-Mobile prematurely;

    c. Causing confusion about the good or services being sold, including the nature of the goods and services and the association of the Defendants;

    d. Failing to deliver any alleged contracts signed by Ms. Leatham at the time of the transaction;

    e. Making false, misleading, or deceptive statements about cost savings;

    f. Engaging in door-to-door sales without a license as required by Shelley City Ordinances;

    g. Causing confusion regarding who the consumer is doing business with and the connection of various entities;

    h. Engaging in unconscionable conduct;

    i. Engaging in any other misleading, false, or deceptive acts that may be ascertained in discovery in this matter.

    j. T-Mobile may be jointly liable for the conduct referenced above under principles of agency law or as a co-conspirator.

50. T-Mobile engaged in unfair and deceptive acts in violation of Idaho law as follows:

    a. Conspiring with Caliber Smart in the violations referenced above in order to elicit sales;

    b. Engaging in false, deceptive, misleading, and unconscionable conduct by attempting to chill consumer claims through employing a customer service program designed to cause consumers to give up on their legitimate issues so

        that they will pay instead of continuing to run through the consumer service gauntlet;

   c. Sending false, misleading, and deceptive amounts and unlawful charges to collection;

   d. Engaging in any other misleading, false, or deceptive acts that may be ascertained in discovery in this matter.

51. EOS engaged in unfair and deceptive acts in violation of Idaho law as follows:

   a. Engaging in misleading, false, or deceptive conduct by collecting or attempting to collect unlawful, false, misleading, or deceptive charges.

   b. Engaging in any other misleading, false, or deceptive acts that may be ascertained in discovery in this matter.

52. As a result of the Defendants' conduct, Ms. Leatham has incurred ascertainable losses.

53. Under Idaho Code 48-608(1), Ms. Leatham is entitled to recover against Caliber Smart her actual damages or $1,000, whichever is greater, for each discrete violation of the ICPA by Caliber Smart, to an order enjoining Caliber Smart from the employment of deceptive or unfair conduct, to punitive damages, and to any other relief as the court deems just and necessary.

54. Under Idaho Code 48-608(1), Ms. Leatham is entitled to recover against T-Mobile her actual damages or $1,000, whichever is greater, for each discrete violation of the ICPA by T-Mobile, to an order enjoining T-Mobile from the employment of deceptive or

unfair conduct, to punitive damages, and to any other relief as the court deems just and necessary.

55. Under Idaho Code 48-608(1), Ms. Leatham is entitled to recover against EOS her actual damages or $1,000, whichever is greater, for each discrete violation of the ICPA by EOS, to an order enjoining EOS from the employment of deceptive or unfair conduct, to punitive damages, and to any other relief as the court deems just and necessary.

56. Consumer protection laws, including Idaho's Consumer Protection Act, are designed to allow legal professionals to assist consumers who may not otherwise have access to legal assistance. As such, under Idaho Code 48-608(5), the Idaho legislature has mandated that Idaho courts "shall" award reasonable attorney's fees and costs to a prevailing consumer. Ms. Leatham is therefore entitled to recover her costs and reasonable attorney's fees from the Defendants.

57. Ms. Leatham has asserted this action based on her good-faith belief that the violations asserted in this cause of action have occurred and that she is entitled to the relief requested. This action is not brought to harass any of the Defendants.

### THIRD CAUSE OF ACTION
### Declaratory Relief
### (Against All Defendants)

58. Ms. Leatham repeats and realleges the foregoing paragraphs as though set forth fully herein.

59. A contract failed to form between Ms. Leatham and Caliber Smart and/or T-Mobile on at least the following grounds:

    e. There was no meeting of the minds.

COMPLAINT - 9

    f. Ms. Leatham lacked the capacity to understand the alleged contracts and agreements being offered to her and did not understand any such contract.

    g. Ms. Leatham's assent to the alleged contracts was the result of duress and/or undue influence.

    h. Caliber Smart fraudulently induced Ms. Leatham to enter into the alleged contract by making false promises for cost savings.

    i. The contract is this case in unenforceable as being obtained in a method that is unconscionable, against public policy, or by unlawful acts.

    j. If the contract did form, it was properly canceled within the time provided by Idaho law or in substantial compliance with the law.

60. Based on these facts, Ms. Leatham is entitled to declaratory relief that the alleged contract sought to be enforced against her is invalid and unenforceable as a matter of law.

## PUNITIVE DAMAGES

61. Ms. Leatham expressly reserves the right to seek leave to add a prayer for punitive damages pursuant to Idaho Code Section 6-1604.

## PRAYER FOR RELIEF

WHEREFORE, Ms. Leatham prays for the following relief:

1. For actual damages awardable under the FDCPA against EOS;

2. For statutory damages under the FDCPA of $1,000 against EOS;

3. For judgment against Caliber Smart under the ICPA, including damages of not less than $1,000 for each discrete violation of the ICPA;

4. For judgment against T-Mobile under the ICPA, including damages of not less than $1,000 for each discrete violation of the ICPA;

5. For judgment against EOS under the ICPA, including damages of not less than $1,000 for each discrete violation of the ICPA;

6. For a judgment against the Defendants enjoining them from engaging in conduct harmful to consumers;

7. For declaratory judgment that the alleged contract between Ms. Leatham and Caliber Smart and/or T-Mobile is invalid and unenforceable.

8. For a judgment against each Defendant for Ms. Leatham's costs and reasonable attorneys' fees; and

9. For such other and further relief as the Court deems just and equitable.

10. In the event of default judgment, Ms. Leatham will request attorney's fees and costs in the amount of up to $5,000.00, other litigation costs incurred, and injunctive relief as permitted by Idaho Code 48-608.

DATED: March 15, 2021

/s/ Leland K. Faux
Leland K. Faux, Esq.
Idaho Bar No. 10246

COMPLAINT - 11